UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY A. KERBLER, by and through her Guardian Ad Litem and Conservator Ad Litem Nichole M. Sparks, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:10 CV 2401RWS<br>) |
| FA FREIGHT, INC. a/k/a/ FAF, INC.,<br>And<br>JANE ANN RICE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Third Party Defendant Smith's Motion to Clarify Donald Rice's Healthcare Expenses [#65], Motion to Clarify Jane Rice's Healthcare Expenses [#67], and Motion to Withdraw [#72].

Smith's Motion to Withdraw [#72] will be granted and Smith's Motion to Clarify Donald Rice's Healthcare Expenses [#65] will be withdrawn from the record.

Smith's Motion to Clarify Jane Rice's Healthcare Expenses is brought under Mo. Rev. Stat. 490.715. Section 490.715 governs the admissibility of evidence regarding the value of medical treatment rendered to a party. Deck v. Teasley, 322 S.W.3d 536, 539 (Mo. 2010).

> It provides that evidence of the dollar amount necessary to satisfy the financial obligation to health care providers is admissible at trial and creates the rebuttable presumption that such amount represents the value of the medical treatment rendered. On the motion of any party, the court may determine whether other evidence of value is admissible at trial and delineates that the other evidence may include, but is not limited to: the medical bills incurred; the amount actually paid for the medical treatment; or the amount or estimate of the amount not paid that such party is

> obligated to pay in the event of a recovery. Finally, subsection 5 provides that, no matter what evidence is admissible at trial, that evidence shall not identify any person who paid for the medical treatment.

Id. In his Motion, Smith seeks a determination that evidence of the amounts paid and amounts payable for medical treatment rendered to Jane Rice is admissible.

Jane Rice filed a Response arguing Smith's Motion arguing it does not comply with the statutory requirements that Smith file an affidavit by a person who is qualified to testify to the value of services rendered to Jane Rice as required by MO. REV. STAT. 490.525.6. Jane Rice proposes in her Response that she be given forty-five days to file affidavits under Section 490.525 and Leon Smith have thirty days to file counteraffidavits under Section 490.525.6. Smith did not file a Reply brief opposing Rice's proposed schedule. Based upon the record before me, I find that Jane Rice's Response is well taken. Accordingly,

**IT IS HEREBY ORDERED that** Third Party Defendant Smith's Motion to Withdraw [#72] is **GRANTED** and the Motion to Clarify Donald Rice's Healthcare Expenses [#65] is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Jane Rice shall file affidavits under Section 490.525 no later than 45 days from the date of this Order. Leon Smith shall have thirty days from the date Rice files her affidavits to file counter affidavits.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2012.